## WEICHSELBAUM *v.* HAYSLIP.

The evidence on the trial in the justice's court demanded a finding in favor of the plaintiffs, and the judge of the superior court erred in refusing to sanction a petition for certiorari complaining of a verdict in favor of the defendant.

Submitted July 18, 1906.—Decided January 18, 1907.

Petition for certiorari. Before Judge Mitchell. Tift superior court. December 20, 1905.

The plaintiffs presented to the judge of the superior court of Tift county a petition for certiorari, containing in substance the ·following allegations: They sued the defendant in the justice's court of Tift county for a balance due upon an open account for whisky, beer, etc. "The defendant filed an answer denying that he owed the account sued on, and also a plea of 'in pari delicto,' alleging that said account was for whisky and other spirituous and intoxicating liquors purchased by him for the purpose of illegal sale in the city of Tifton, and that this purpose was well known to the plaintiffs. Plaintiffs then moved orally to dismiss the amendment to said plea, upon the ground that it was not sworn to," and they assign the overruling of this motion as error. The case was appealed by consent to a jury, who found for the defendant. Plaintiffs introduced as evidence "an itemized statement of the account sued on, which was properly sworn to," showing the defendant to be indebted in the sum sued for. They also offered the interrogatories of Ed. **Weichselbaum,** one of the plaintiffs, in substance as follows: That he was a resident of Bibb county, Georgia,

and a member of the firm of Sam & Ed. Weichselbaum; that he knows Ben Hayslip, the defendant, who is indebted to his firm in the amount sued for; that he sold the defendant the goods in Macon, Georgia, as shown by attached itemized statement; that he had no arrangements whatever with Hayslip or any one else as to the disposition of the goods sold him; that he did not know what business defendant was engaged in, or what disposition he intended to make of the goods; that he had no interest in the business of the defendant whatever, and that no note was given for the open account. On cross-examination he testified, that defendant had been in their store during the time these shipments were being made, but did not make any explanation as to the use for which the goods were intended; that the goods were shipped to various parties, and in some instances to other points than Tifton, according to defendant's direction, and witness knew nothing of his motives, as he did not state them; that he did not know defendant was selling or intending to sell this liquor illegally; that he thinks defendant told him he had United States Internal Revenue license, but witness of course did not know whether he sold intoxicating liquors or not, as he did not see him sell any; that he did not remember whether he knew or had been informed that defendant had been convicted of illegally selling liquor in Berrien county during the period covered by his account. The defendant introduced no evidence. The petition for certiorari assigned as error the refusal of the justice to dismiss the amendment to the plea because it was not sworn to; and it was also alleged that the evidence is insufficient to support the verdict. Sanction of the petition was refused, and the plaintiffs excepted.

*Hardeman & Jones* and *R. C. Ellis,* for plaintiffs.

EVANS, J. (After stating the facts.) The only point insisted on in the brief of counsel for the plaintiffs in error is, that the verdict is unsupported by the evidence, which demanded a finding in favor of the plaintiffs. The first step in outlawing a plaintiff's demand, because of his participation in another's delict, is the establishment of that delict. It nowhere appears in the evidence that the defendant illegally sold intoxicating liquor. When a defendant seeks to avoid liability because of the illegality of the contract, the burden is upon him to prove that the contract is illegal. The evidence must be stronger than a bare suspicion that the plaintiff's

cause of action sprang out of an illegal enterprise. The only facts to sustain the defendant's plea are, that the plaintiffs sold the defendant whisky, beer, bottles, corks, etc., to the amount of $982, from June 29, 1901, to December 20, 1902; which sales were legal at the place where made. The plaintiffs had no direct knowledge that the goods were purchased for the purpose of illegal sale, and the only evidence to impute such knowledge was the circumstances, that defendant was known to have had issued to him an internal revenue license; that he ordered liquor in quantities which indicated they were not for his private use, and also ordered bottles, corks, etc., indicating that the bulk was to be distributed into smaller packages; and that many of these shipments were made to various persons, at various places, by direction of defendant. It is shown only by inference that the defendant was a resident of Tifton at the time the sales were made, and it does not appear where the various persons to whom he ordered the items of the account shipped resided, except it may be inferred that some of them lived at Tifton. While all these circumstances may have been sufficient to raise a strong suspicion in the mind of one even of an unsuspicious nature, still the evidence in the petition establishes plaintiffs' right to recover, unless controverted by some more definite evidence on the part of the defendant. It was therefore error to refuse to sanction a petition for certiorari complaining of a verdict in favor of the defendant.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*